IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CHANTELLE GLASS**<br>*Plaintiff,*<br>vs.<br>**IDRIS-FARID CLARK, ET AL.,**<br>*Defendants.* | Case No. 1:20-cv-02041<br>Judge Solomon Oliver, Jr. |
| **PLAINTIFF CHANTELLE GLASS'S MOTION TO CERTIFY QUESTION REGARDING STATUTE OF LIMITATIONS FOR OHIO REVISED CODE § 2307.60 TO OHIO SUPREME COURT** ||

Plaintiff Chantelle Glass respectfully moves this Court to certify a question of law to the Ohio Supreme Court:

> "What is the statute of limitations for Ohio Rev. Code § 2307.60 claims?"

Ms. Glass submits that certification is appropriate and necessary because the Ohio Supreme Court has not issued controlling precedent, because certification would be determinative of six claims in this lawsuit, and because the Ohio Supreme Court is in the best position to answer this recurring question of Ohio law.

A memorandum in support follows.

**ISSUE PRESENTED**

Federal courts can certify a question to a state supreme court, and the procedure is most appropriate to address a new or unsettled question of state law to save time, energy, and resources. The Ohio Supreme Court answers certified questions when it has not issued a controlling precedent and when certification would be determinative. Here, the Ohio Supreme Court hasn't ruled on which statute of limitations applies to Ohio Rev. Code § 2307.60 claims, and certification would determine claims against six defendants. Should the Court certify this question?

**FACTUAL AND PROCEDURAL BACKGROUND**

These proceedings arise from Cuyahoga County corrections officers Robert Marsh and Idris-Farid Clark brutally attacking a restrained inmate, Chantelle Glass, on July 16, 2018 while other corrections officers watched and did nothing.[1] Ms. Glass filed suit on July 9, 2019 in Cuyahoga County Common Pleas Court against Marsh, Clark, and Cuyahoga County. The County removed the case without unanimous consent and this Court remanded it, where it was stayed at the defense's request during the criminal proceedings against Marsh and Clark. They pleaded guilty and were sentenced in February.

Since filing suit in 2019, Ms. Glass has continued to investigate and secure evidence to support her claims. Though those efforts, she has discovered that Cuyahoga County's culture of deliberate indifference to inmate suffering rose to the highest echelon of County officials and included generally abusive practices in terms of misuse of restraint chairs and chemical agents and failure to effectively decontaminate inmates exposed to chemical agents—particularly if those inmates were people of color. Ms. Glass sought leave to file an amended complaint on March 31, 2020.[2] After the state court granted her motion for leave, she filed her amended pleading on August 14, 2020.[3] Defendants then removed the case to this Court.

The amended complaint included Ohio Rev. Code § 2307.60 civil-liability claims for criminal acts against supervisory and policymaking Defendants Armond Budish, Earl Leiken, George Taylor,

---

[1] *See* Am. Compl., Doc. 1-1, ¶¶ 64, 67–83.
[2] *See* Am. Compl., Doc. 1-1.
[3] *See id.*

Clifford Pinkney, Kenneth Mills, and Eric Ivey.[4] Under Ohio Rev. Code § 2307.60, "[a]nyone injured in person or property by a criminal act has, and may recover full damages in, a civil action unless specifically excepted by law[.]"[5] Defendants Budish, Leiken, Taylor, and Pinkney moved to dismiss the Ohio Rev. Code § 2307.60 claims on September 28, 2020,[6] arguing that the claims were time-barred because they were subject to a one-year statute of limitations.[7] Defendants cite no Ohio Supreme Court cases to support their contention that a one-year period applied—nor any reported federal cases interpreting Ohio law. Instead, they cite two unreported U.S. District Court for the Northern District of Ohio cases (*Marquardt v. Carlton*[8] and *Sampson v. City of Cleveland*[9]), two unreported Ohio Eighth District Court of Appeals cases (*State ex rel. Cty. of Cuyahoga v. Jones Lang Lasalle Great Lakes Co.*[10] and *Steinbrick v. Cleveland Electric Illuminating Co.*[11]) and one unreported Ohio trial court case from a different county (*Hirsi v. Davis Creek Auto Sales*[12]).

These cases evade and contradict the Supreme Court of Ohio's binding approach set forth in *Rosette v. Countrywide Home Loans, Inc.*,[13] which requires courts to examine whether a statute is penal or remedial to determine the appropriate statute of limitations.[14] In *Rosette*, the Court held a statute (Ohio Rev. Code § 5301.36(C)) with terms expressly permitting recovery of "damages" instead of imposing a "penalty" or "forfeiture" was remedial and thus subject to a six-year statute of

---

[4] *See* Am. Compl., Claim 22, ¶¶ 632–35. Budish is the county executive. *Id.* at ¶ 12. Leiken was Budish's chief of staff. *Id.* at ¶ 13. Taylor was the County jail's interim director. *Id.* at ¶ 14. Pinkney was the County sheriff. *Id.* at ¶ 15. Mills was the regional director of corrections. *Id.* at ¶ 16. Ivey was the jail's warden. *Id.* at ¶ 17.
[5] Ohio Rev. Code § 2307.60(A)(1).
[6] *See* Defs.' Mot. to Dism., Doc. #14 (Jun. 8, 2020).
[7] *Id.* at 12.
[8] *Marquardt v. Carlton*, Case No. 1:18-CV-333, 2019 WL 1491966 (N.D. Ohio Apr. 2, 2019).
[9] *Sampson v. City of Cleveland*, Case No. 1:20-CV-741, 2020 WL 490847 (N.D. Ohio Aug. 20, 2020).
[10] *State ex rel. Cty. of Cuyahoga v. Jones Lang Lasalle Great Lakes Co.*, 8th Dist. Cuyahoga, No. 104157, 2017-Ohio-7727.
[11] *Steinbrick v. Cleveland Elec. Illuminating Co.*, 8th Dist. Cuyahoga No. 66035, 1994 WL 463817 (Aug. 25, 1994).
[12] *Hirsi v. Davis Creek Auto Sales*, Franklin C.P. No. 13-CV-7271, 2014 WL 12606678 (Sep. 29, 2014).
[13] *Rosette v. Countrywide Home Loans, Inc.*, 105 Ohio St.3d 296, 2005-Ohio-1736, 825 N.E.2d 599.
[14] *Id.* at ¶ 11.

limitations.[15] The same result should apply here, where Ohio Rev. Code § 2307.60 allows crime victims to recover "damages" instead of commanding criminal actors to pay a "penalty" or "forfeiture."

The Ohio Supreme Court should be given an opportunity to weigh in so that the issue can be resolved once and for all.

## LAW AND ARGUMENT

**I.   This Court should certify the question because the relevant statute of limitations would be determinative of claims against six defendants in this lawsuit and because the Ohio Supreme Court has not squarely addressed this unsettled issue.**

Federal courts are authorized to certify questions to a state supreme court.[16] The Sixth Circuit instructs that the certification procedure is "most appropriate" to address a new or unsettled question of state law.[17] "Novel or unsettled" state-law questions may be certified to save time, energy, and resources.[18]

The Ohio Supreme Court, in turn, is authorized by its Rules of Practice to "answer a question of law certified to it by a court of the United States," if the federal court finds that: (1) "there is a question of Ohio law that may be determinative of the proceeding" and (2) "there is no controlling precedent in the decisions of this Supreme Court."[19] The present issue meets both requirements.

   **A. The Ohio-law question of which statute of limitations applies to Ohio Rev. Code § 2307.60 claims would be determinative of claims against six defendants in this lawsuit.**

The outcome of this issue could be determinative of claims against six Defendants in this lawsuit, including the Ohio Rev. Code § 2307.60 claims against Defendants Budish, Leiken, Taylor, Pinkney, Mills, and Ivey. If the statute of limitations is two, four, or six years, Plaintiff's claims under

---

[15] *Id.* at ¶¶ 12–14.
[16] *Pennington v. State Farm Mut. Auto Inc. Co.*, 553 F.3d 447, 450 (6th Cir. 2009).
[17] *Transamerica Ins. Co. v. Duro Bag Mfg. Co.*, 50 F.3d 370, 372 (6th Cir. 1995).
[18] *Arizonans for Official English v. Arizona*, 520 U.S. 43, 77 (1997).
[19] Ohio S.Ct.Prac.R. 9.01(A).

Ohio Rev. Code § 2307.60 are timely. Additionally, this question is not unique to these parties or this situation, so the Court's ruling on certification could lead to greater certainty in other pending and future cases.

   B. **The Ohio Supreme Court has not addressed the specific question of which statute of limitations applies to Ohio Rev. Code § 2307.60 claims, so this state-law issue is unsettled.**

The question of which limitations period applies to claims made under Ohio Rev. Code § 2307.60 presents an unsettled issue of law that the Ohio Supreme Court has not addressed. The Ohio Supreme Court did not even rule that Ohio Rev. Code § 2307.60 permitted a civil cause of action until 2016, when it decided *Jacobson v. Kaforey*.[20] But in *Jacobson*, the Ohio Supreme Court declined to address the elements of this claim, including which statute of limitations applied.[21] The next major holding defining the scope of § 2307.60 came in July 2020, when, on a certified question from the Northern District of Ohio in *Buddenberg v. Weisdack*,[22] the Ohio Supreme Court held for the first time that Ohio Rev. Code § 2307.60 does not require an underlying criminal conviction as a prerequisite for civil liability.[23] As in *Jacobson*, the Court in *Buddenberg* had no need to address § 2307.60's statute of limitations.

Although the Ohio Supreme Court has not decided the narrow issue of which statute of limitations applies to claims made under Ohio Rev. Code § 2307.60, it has issued holdings governing whether a statute is penal or remedial—and those holdings show that § 2307.60 is not penal, as it must be for a one-year period to apply.

II.  **Existing Ohio Supreme Court jurisprudence compels a finding that Ohio Rev. Code § 2307.60 does *not* impose a "penalty or forfeiture," thus precluding a ruling for a one-year statute of limitations.**

Under Ohio Rev. Code § 2307.60, "[a]nyone injured in person or property by a criminal act

---

[20] *Jacobsen v. Kaforey,* 149 Ohio St.3d 398, 2016-Ohio-8434, 75 N.E.3d 203, ¶ 1.
[21] *Id.* at ¶ 11.
[22] *Buddenberg v. Weisdack,* No. 2018-1209, 2020-Ohio-3832, 2020 WL 4341889 (Jul. 29, 2020).
[23] *Id.*

has, and may recover full damages in, a civil action unless specifically excepted by law[.]"[24] A plaintiff bringing a civil action under this statute may also recover costs and attorneys' fees "if authorized by any provision of the Rules of Civil Procedure or another section of the Revised Code or under the common law of this state,"[25] and she "may recover punitive or exemplary damages if authorized by section 2315.21 or another section of the Revised Code."[26]

In their motion to dismiss, Defendants ask the Court to apply a one-year statute of limitations to claims made under Ohio Rev. Code § 2307.60 based on Ohio Rev. Code § 2305.11(A), which provides a limitations period of one year for "an action upon a statute for a penalty or forfeiture."[27] But Ohio Supreme Court guidance compels a finding that Ohio Rev. Code § 2307.60 claims are subject to the six-year statute of limitations of Ohio Rev. Code § 2305.07 for actions based on "liability created by statute other than a forfeiture or penalty."[28]

As the Ohio Supreme Court explained in *Rosette v. Countrywide Home Loans, Inc.*,[29] to determine which statute of limitations applies, the Court must examine whether the statute provides a remedy or institutes a penalty.[30] Statutory interpretation requires a court to "look to the language of the statute, giving effect to the words used and not deleting words used or inserting words not used."[31] The *text* of a statute determines whether it is a remedial or a penalty statute, because the legislature knows how to use words.[32] The terms "penalty" or "forfeiture" identify one-year claims, and the Ohio legislature would have used one or both of those terms instead of "damages" if it

---

[24] Ohio Rev. Code § 2307.60(A)(1).
[25] *Id.*
[26] Ohio Rev. Code § 2307.60(A)(1).
[27] Ohio Rev. Code § 2305.11(A).
[28] Ohio Rev. Code § 2305.07.
[29] *Rosette v. Countrywide Home Loans, Inc.*, 105 Ohio St.3d 296, 2005-Ohio-1736, 825 N.E.2d 599.
[30] *Id.* at ¶¶ 12–14.
[31] *Id.* at ¶12, citing *Rice v. CertainTeed Corp.*, 84 Ohio St. 3d 417, 419, 704 N.E.2d 1217 (1999); *Cline v. Ohio Bur. of Motor Vehicles*, 61 Ohio St.3d 93, 97, 573 N.E. 2d 77 (1991).
[32] *Id.* at ¶¶ 12–14.

intended Ohio Rev. Code § 2307.60 to be a penal statute.[33]

But it didn't. The Ohio General Assembly authorized "[a]nyone injured in person or property" to "recover full damages[,]" showing that Ohio Rev. Code § 2307.60 is remedial rather than penal.[34] The possibility of recovering punitive or exemplary damages does not convert a remedial statute to a penal one—punitive or exemplary damages are not a penalty. As the Ohio Supreme Court recognized, a law is not penal "merely because it imposes an extraordinary liability on a wrongdoer in favor of a person wronged, which is not limited to damages suffered by him."[35] Were it otherwise, every tort action eligible for exemplary damages under Ohio Rev. Code § 2315.21 would be subject to a one-year statute of limitations—which is not so.

Instead, as the Ohio Supreme Court recognized in *Jacobson v. Kaforey*, the Ohio legislature enacted Ohio Rev. Code § 2307.60 in 1985 to "establish a specific statutory civil action for the recovery of full damages for personal injury or property loss arising from any criminal act[.]"[36] *Jacobson* explained for the first time that "R.C. 2307.60(A)(1), by its plain and unambiguous terms, creates a civil cause of action for damages resulting from any criminal act"—*i.e.*, a civil remedy for crime victims.[37] Pre-*Jacobson*, Ohio Rev. Code § 2305.07 was not applied to § 2307.60 claims on the theory that it did not "creat[e] a previously unavailable cause of action" that "would not exist but for the statute" and was therefore not "a liability created by statute."[38] But *Jacobson* rejected this analysis, holding that § 2307.60 did, in fact, create a statutory liability: "the General Assembly specifically

---

[33] *Id.*; *Reid v. Doubleday & Co.*, 109 F. Supp. 354, 363 (N.D. Ohio 1952).
[34] *Id.* at ¶ 13.
[35] *Id.* at ¶ 15, citing *Rice v. CertainTeed Corp.*, 84 Ohio St. 3d 417, 421, 704 N.E.2d 1217 (1999), quoting *Cosgrove v. Williamsburg of Cincinnati Mgt. Co., Inc.*, 70 Ohio St. 3d 281, 289, 638 N.E.2d 991 (1994) (Resnick, J., concurring), quoting *Floyd v. DuBois Soap Co.*, 139 Ohio St. 520, 523, 41 N.E.2d 393 (1942).
[36] *Jacobson v. Kaforey*, 149 Ohio St. 3d 398, 2016-Ohio-8434, 75 N.E.3d 203, citing Am.Sub. H.B. No. 426, 140 Ohio Laws, Part II, 3783.
[37] *Jacobson* 2016-Ohio-8434 at ¶ 10.
[38] *Peters v. Mabini*, 8th Dist. Cuyahoga No. 73373, 1998 WL 474175 at *1–2 (Aug. 13, 1998) (applying *McAuliffe v. W. States Import Co.*, 72 Ohio St.3d 534, 651 N.E.2d 957 (1995)).

sought to create a civil cause of action for damages resulting from any criminal act," and repeatedly used the very watch-words it identified in *Rosette* to identify remedial, rather than penal, statutes subject to a six-year limitations period.[39] Therefore, because § 2307.60 is a "statutory civil action" for "damages," it is unquestionably a "liability created by statute other than a forfeiture or penalty[,]" falling within Ohio Rev. Code § 2305.07's six-year limitations period.

Alternatively, because liability imposed under Ohio Rev. Code § 2307.60 is a species of tort liability for crime victims, as *Jacobson* made clear, either a four-year or two-year limitations period would apply. Either Ohio Rev. Code § 2305.09's four-year statute of limitations would apply because Ms. Glass suffered "an injury to [her] rights not arising on contract nor enumerated in sections 1304.25, 2305.10 to 2305.12, and 2305.14 of the Revised Code"[40] or Ohio Rev. Code § 2305.10's two-year statute of limitations would apply because she suffered "bodily injury" or injury to "personal property."[41]

Under any of these statutes of limitations for actions that don't impose a "penalty or forfeiture," the statute of limitations had not expired for Ms. Glass's Ohio Rev. Code § 2307.60 claims against Defendants Budish, Leiken, Taylor, Pinkney, Mills, and Ivey when she moved for leave to amend her complaint on March 31, 2020, less than two years after the corrections officers attacked her on July 16, 2018.

**III. The non-binding cases advanced by Defendants are premised upon a misunderstanding of Ohio law and are devoid of substantive analysis of what constitutes a "penalty or forfeiture."**

Defendants cite to three Ohio cases, but none of these cases scrutinized whether Ohio Rev. Code § 2307.60 contemplated a "penalty or forfeiture" to justify a one-year statute of limitations. Instead, each case assumed without analysis that the conditional availability of exemplary damages

---

[39] *Jacobson*, 2016-Ohio-8434 at ¶ 10.
[40] Ohio Rev. Code § 2305.09(D).
[41] Ohio Rev. Code § 2305.10.

meant that the statute automatically contemplated a penalty. In an unreported Ohio Eighth District Court of Appeals case, *State ex rel. County of Cuyahoga v. Jones Lang Lasalle Great Lakes Co.*,[42] that court concluded summarily that § 2307.60 "contemplates a penalty, therefore it is subject to the one-year statute of limitations" and cited *Steinbrick v. Cleveland Electric Illuminating Co.*, the other unreported Ohio Eighth District case upon which Defendants relied.[43]

*Steinbrick*, in turn, concluded that § 2307.60's provision allowing plaintiffs to seek exemplary damages "if authorized under section 2315.21" or another statute "contemplates a penalty[.]"[44] As in *Jones Lang*, the Ohio Eighth District provided no analysis regarding why a statute that allows (but does not mandate) exemplary damages equates to contemplating a penalty—even as the *Steinbrick* court acknowledged that the plaintiff could not necessarily recover exemplary damages.[45] Nor does Steinbrick explain how its rationale would not transform every standard tort action with the possibility of punitive damages into a "penalty" action with a one-year limitations period. The unreported Ohio trial court decision Defendants cite, *Hirsi v. Davis Creek Auto Sales*, contained no further analysis than the Eighth District cases.[46] In the context of a civil-theft counterclaim, it simply adopted *Steinbrick's* logic.[47]

Similarly, the unreported federal cases Defendants use to bolster their argument did not examine whether Ohio Rev. Code § 2307.60 contemplated a penalty and fail to provide persuasive reasoning. In *Sampson v. City of Cleveland*, the statute of limitations wasn't at issue because the plaintiff capitulated to defendants' argument that the claims were filed after the limitations period expired

---

[42] *State ex rel. Cnty. of Cuyahoga v. Jones Lang Lasalle Great Lakes Co.*, 8th Dist. Cuyahoga No. 104157, 2017-Ohio-7727.
[43] *Id.*, 2017-Ohio-7727 at ¶ 131.
[44] *Steinbrick v. Cleveland Elec. Illuminating Co.*, 8th Dist. Cuyahoga No. 66035, 1994 WL 463817 at *2 (Aug. 25, 1994).
[45] *Id.*
[46] *Hirsi v. Davis Creek Auto Sales*, Franklin C.P. No. 13-CV-7271, 2014 WL 12606678 at *5-*6 (Sep. 29, 2014).
[47] *Id.* 2014 WL 12606678 at *6.

and argued for equitable tolling based on mental incompetence.[48] In *Marquart v. Carlton*, the court stated that "Ohio courts have consistently held that claims brought under O.R.C. § 2307.60(A)(1) are subject to a one-year statute of limitations,"[49] but cited no Ohio Supreme Court cases to support this proposition. Instead, *Marquart* cited to one Ohio Eighth District Defendants cite (*Jones Lang*),[50] the *dissent* from another Ohio Eighth District case (*Gray v. Newman*),[51] and one unreported case from the U.S. District Court for the Southern District of Ohio (*Duffey v. Pope*).[52]

Even if *Marquart* hadn't cited the dissent of *Gray v. Newman*, that case, including the dissent, didn't address § 2307.60—it involved Ohio Rev. Code § 2307.61, a separate statute that permits recovery of liquidated damages for theft offenses.[53] *Duffey v. Pope* also involved § 2307.61 and referred to § 2307.61 and § 2307.60 interchangeably before eventually relying upon *Steinbrick* to find that § 2307.60 contemplated a penalty.[54] But Ohio's Supreme Court has never endorsed this reasoning or result.

Certification is necessary because, without it, cases carrying forward this faulty analysis will proliferate as Defendants seek to avoid civil liability for criminal acts. If this Court agrees to certify the question, the Ohio Supreme Court is likely to contend with and apply its analytical framework, and thus rule consistently with its own prior analyses, abrogating the rulings of the lower courts and federal courts. It's better that that happen sooner rather than later, or federal courts will be faced with motions to reopen judgments in cases erroneously decided.

**IV.    Requiring a one-year statute of limitations for Ohio Rev. Code § 2307.60 claims would lead to absurd results and would undermine Ohio's state sovereignty.**

Were this Court to now find that any Ohio statute permitting a civil plaintiff to recover

---

[48] *Sampson v. City of Cleveland*, Case No. 1:20-CV-741, 2020 WL 4904847, *3 (Aug. 20, 2020).
[49] *Marquardt*, 2019 WL 1491966 at *2.
[50] *Id.*, citing *Jones Lang*, 2017-Ohio-7727 at ¶ 131.
[51] *Id.*, citing *Gray v. Newman*, 8th Dist. Cuyahoga, No. 89549, 2008-Ohio-1076, ¶ 26 (Dyke, J., dissenting).
[52] *Id.*, citing *Duffey v. Pope*, Case No. 2:11-CV-16, 2012 WL 4442753 at *7 (S.D. Ohio Sep. 25, 2012).
[53] Ohio Rev. Code § 2307.61(A)(1)
[54] *Duffey*, 2012 WL 4442753 at *11-13.

exemplary damages "contemplates a penalty" and is therefore subject to a one-year statute of limitations, it would contradict Ohio's existing statute-of-limitations scheme, leading to absurd results and subverting legislative intent. Ohio Rev. Code § 2315.21 authorizes plaintiffs to seek exemplary damages in any Ohio tort case[55] in which "[t]he actions or omissions of that defendant demonstrate malice or aggravated or egregious fraud, or that defendant as principal or master knowingly authorized, participated in, or ratified actions or omissions of an agent or servant that so demonstrate."[56] This statute specifically lists Ohio products-liability claims as one category of claims for which plaintiffs may recover exemplary damages, but products-liability claims are subject to a two-year statute of limitations under Ohio Rev. Code § 2305.10.—not a one-year statute.[57]

Nor does any provision of the Ohio products-liability statutory scheme, Ohio Rev. Code §§ 2307.71–80, provide any distinction in the statute of limitations between products-liability cases seeking only compensatory damages as opposed to those seeking both compensatory and exemplary damages. This example comports with other Ohio tort claims: Ms. Glass could locate no authority for the proposition that a tort plaintiff's request for exemplary damages truncates that claim's statute of limitations, and Defendants provided no such authority to this Court. None of the non-binding authority Defendants cite in arguing for a one-year limitations period addresses how such a rationale would not necessarily shorten all limitations periods in cases where a plaintiff seeks punitive damages under Ohio law.

And Ohio Rev. Code § 2307.60 does not *require* exemplary-damages awards—it allows them

---

[55] The statute defines "tort action" as "a civil action for damages for injury or loss to person or property. 'Tort action' includes a product liability claim for damages for injury or loss to person or property that is subject to sections 2307.71 to 2307.80 of the Revised Code, but does not include a civil action for damages for breach of contract or another agreement between persons." Ohio Rev. Code § 2315.21(A)(1).
[56] Ohio Rev. Code § 2315.21(C)(1); *see also* Ohio Rev. Code § 2307.80.
[57] Ohio Rev. Code § 2305.10(A) (general two-year statute of limitations with extensions available for later discovery of injury; *see id.* at §§ 2305.10(C) and (E)).

only if other statutes authorize such damages.[58] Of course, Ohio law gives plaintiffs discretion regarding whether to seek exemplary damages; it's the plaintiff's choice. Yet this Court's ruling would apply to any § 2307.60 claim even if exemplary damages were not authorized by the referenced statutes, or even if the plaintiff did not request this form of relief. While perhaps the language "contemplates a penalty" could conceivably be stretched to encompass a statute where exemplary damages are optional, such a strained reading of the text would circumvent the Ohio legislature's intent to provide a civil-damages remedy to make crime victims whole and contradict Ohio's existing statute-of-limitations scheme.[59]

Nor should this Court apply a one-year statute on the theory that these Ohio Rev. Code § 2307.60 claims represent intentional-tort claims that are penal in nature. Some intentional torts are subject to a one-year statute of limitations under Ohio law,[60] but some are not.[61] Either way, the underlying criminal statutes on which the § 2307.60 claims are premised do not require proof of intentionality. Ms. Glass has alleged that these Defendants violated the Ohio criminal statutes for "dereliction of duty," Ohio Rev. Code § 2921.44, and "interfering with civil rights," Ohio Rev. Code § 2921.45. Proving dereliction of duty requires demonstrating negligence or recklessness, not intentional conduct.[62] Likewise, proving interference with civil rights requires establishing a

---

[58] Ohio Rev. Code § 2307.60(A).
[59] *Jacobson v. Kaforey*, 149 Ohio St. 3d 398, 412, 2016-Ohio-8434, 75 N.E.3d 203, ¶ 52.
[60] Ohio Rev. Code § 2305.111(B) provides a one-year statute of limitations for assault and battery tort claims.
[61] *Gambill v. Bonded Oil Co.*, 52 Ohio St.3d 90, 556 N.E.2d 177 (holding that intentional torts by employer were subject to two-year statute of limitations unless circumstances included battery or other intentional tort specifically enumerated in Ohio Revised Code, *id.* at 93). The Ohio Supreme Court may apply this same logic to § 2307.60 claims, choosing only to impose a one-year statute on those underlying criminal acts that included an enumerated intentional tort subject to the one-year statute of limitations.
[62] Ohio Rev. Code § 2921.44(C) states in pertinent part that "[n]o officer, having charge of a detention facility, shall negligently fail to do any of the following: … (2) Fail to provide persons confined in the detention facility with adequate food, clothing, bedding, shelter, and medical attention;…(5) Fail to observe any lawful and reasonable regulation for the management of the detention facility." It also prohibits public servants from "recklessly fail[ing] to perform a duty expressly imposed by law[.]" Ohio Rev. Code § 2921.44(E).

"knowing," not intentional, mental state.[63]

Were this Court to graft a one-year statute of limitations onto Ohio Rev. Code § 2307.60, it would impinge on Ohio's state sovereignty, especially because a one-year statute is inconsistent with its existing statutory scheme. When a federal court applies state law that is not settled, it could have the practical effect of encroaching on the state's sovereignty.[64] "From the state's viewpoint, losing part of its sovereignty is no small matter, especially since a federal court's error may perpetuate itself in state courts until the state's highest court corrects it."[65] By contrast, "[c]ertification ensures that federal courts will properly apply state law."[66] The issue of which statute of limitations applies to § 2307.60 claims will likely perpetuate itself in state and federal courts, so the question should be resolved now—by the ultimate authority on interpreting Ohio statutes, the Ohio Supreme Court. This is particularly true given the many civil cases arising from the disgraceful abuse perpetrated upon those in custody at the Cuyahoga County jail in recent years. Providing these victims with justice requires ensuring that their potential claims are not improperly restricted by misapplying an artificially brief limitations period.

## V. Certification would promote judicial efficiency and economy.

Certifying the question at this point in the litigation is appropriate and in the interests of judicial economy. Discovery is in the early stages, so guidance from the Ohio Supreme Court will allow the parties to evaluate the appropriate scope of the claims and remedies when completing depositions and summary-judgment briefing. The defense may also seek to delay discovery proceedings in this matter based on the Fifth Amendment as criminal proceedings continue against at least one—and likely more—of the policymaking Defendants. Devoting time to answering the

---

[63] Ohio Rev. Code § 2921.45(A) states that "[n]o public servant, under color of his office, employment, or authority, shall knowingly deprive, or conspire or attempt to deprive any person of a constitutional or statutory right."
[64] *Scott v. Bank One Trust Co., N.A.,* 62 Ohio St.3d 39, 43, 577 N.E.2d 1077 (1991).
[65] *Id.*
[66] *Id.*

statute-of-limitations question would be a productive endeavor to gain clarity during this period.

Certification would also save judicial resources by alleviating the need for federal courts to interpret an issue of Ohio law based on unreported and non-binding interpretations from one Ohio appellate court and two U.S. District Courts—or based on the Ohio Supreme Court cases providing guiding principles but not ruling on the question. The issue will affect numerous other cases, and deciding it will not require the Court to resolve any factual dispute between the parties. This question—as well as the question regarding the statute of limitations for Ohio Rev. Code § 2921.03 (intimidation), which will be addressed in a separate motion—should be answered by the Ohio Supreme Court.

## CONCLUSION

The statute of limitations for Ohio Rev. Code § 2307.60 is a recurring problem likely to confront federal and lower Ohio courts. The Northern District of Ohio has this issue recurring before it. Ms. Glass respectfully asks the Court to enter an order certifying the following question to the Ohio Supreme Court for resolution: "What is the statute of limitations for Ohio Rev. Code § 2307.60 claims?" A definitive answer from the court in the best position to provide an answer—the Ohio Supreme Court—will benefit the parties to this case as well as litigants in other cases.

Dated: November 17, 2020 　　　　　　　　　　　Respectfully submitted,

/s/ Jessica S. Savoie　　　　　　　　　　　　　　/s/ per consent
Subodh Chandra (0069233)　　　　　　　　　　Ashlie Case Sletvold (0079477)
Jessica S. Savoie (0099330)　　　　　　　　　　PEIFFER WOLF CARR KANE & CONWAY, APLC
Brian Bardwell (0098423)　　　　　　　　　　　1422 Euclid Avenue, Suite 1610
THE CHANDRA LAW FIRM LLC　　　　　　　Cleveland, Ohio 44115
The Chandra Law Building　　　　　　　　　　216.589.9280 (p) / 216.916.9220 (f)
1265 West Sixth Street, Suite 400　　　　　　　ASletvold@peifferwolf.com
Cleveland, Ohio 44113
216.578.1700 (p) / 216.578.1800 (f)
Subodh.Chandra@ChandraLaw.com
Jessica.Savoie@ChandraLaw.com
Brian.Bardwell@ChandraLaw.com　　　　　　*Attorneys for Plaintiff Chantelle Glass*

Page 13 of 13