IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CHANTELLE GLASS** <br> *Plaintiff*, <br> vs. <br> **IDRIS-FARID CLARK**, *ET AL.*, <br> *Defendants*. | Case No. 1:20-cv-02041 <br><br> Judge Solomon Oliver, Jr. |
| **PLAINTIFF CHANTELLE GLASS'S REPLY IN FURTHER SUPPORT OF MOTION TO CERTIFY QUESTION REGARDING STATUTE OF LIMITATIONS FOR OHIO REVISED CODE § 2307.60 TO OHIO SUPREME COURT** | |

Plaintiff Chantelle Glass respectfully replies in support of her motion to certify the question of Ohio Rev. Code § 2307.60's statute of limitations to the Ohio Supreme Court. The oppositions filed by Defendant Eric Ivey[1] and the County Defendants (Armond Budish, Earl Leiken, George Taylor, Clifford Pinkney, Jazmyne Jackson, Barbara Bailey, Feben Yeshak, Antonio Settles, Russell Belle, Robert Marsh, and Cuyahoga County)[2] failed to overcome the sound reasons Ms. Glass advanced in favor of certification.

## ARGUMENT

I. **Ohio Supreme Court Rule of Practice 9.01 expressly defines "controlling precedent" as "the decisions of this Supreme Court"—not decisions from lower Ohio courts or federal district courts.**

Although Defendant Ivey correctly stated that some lower Ohio state courts and federal district courts have applied a one-year statute of limitations to Ohio Rev. Code § 2307.60, the opinions of these courts are irrelevant under the Ohio Supreme Court's own rule governing

---

[1] ECF No. 22.
[2] ECF No. 24.

certification. As Defendants admit, Ohio Supreme Court Rule of Practice 9.01(A) authorizes the Supreme Court to answer an Ohio-law question "for which there is no controlling precedent *in the decisions of this Supreme Court*."[3] Neither the Ohio Supreme Court Rules of Practice nor any Ohio Supreme Court case of which the undersigned is aware states that federal courts should not certify questions when two of Ohio's lower courts and two federal district courts have opined—especially when those opinions are unreported. The Supreme Court of Ohio has already jettisoned Defendants' contention by limiting "controlling precedent" to its own decisions.

Here's what the Ohio Supreme Court *has* held on issues closely related to the statute of limitations for Ohio Rev. Code § 2307.60:

- A court must examine whether a statute is remedial or penal to determine which statute of limitations applies.[4]

- To interpret an Ohio statute, a court must "look to the language of the statute, giving effect to the words used and not deleting words used or inserting words not used."[5]

- When a statute (Ohio Rev. Code § 5301.36(C)) specifically authorized "damages" instead of imposing a "penalty" or "forfeiture," the Ohio Supreme Court held that it was remedial and subject to a six-year statute of limitations instead of a one-year statute of limitations.[6]

- A law is not penal "merely because it imposes an extraordinary liability on a wrongdoer in favor of a person wronged, which is not limited to damages suffered

---

[3] S.Ct.Prac.R. 9.01(A) (emphasis added).
[4] *Rosette v. Countrywide Home Loans, Inc.*, 105 Ohio St.3d 296, 2005-Ohio-1736, ¶ 11, 825 N.E.2d 599.
[5] *Id.* at ¶12, citing *Rice v. CertainTeed Corp.*, 84 Ohio St. 3d 417, 419, 704 N.E.2d 1217 (1999); *Cline v. Ohio Bur. of Motor Vehicles*, 61 Ohio St.3d 93, 97, 573 N.E. 2d 77 (1991).
[6] *Id.* at ¶¶ 12–14.

by him."[7]

Construing Ohio Rev. Code § 2307.60 strictly and based on its language, just as the Ohio Supreme Court strictly construed Ohio Rev. Code § 5301.36(C), this statute is remedial. It permits "[a]nyone injured in person or property" to "recover full damages[,]" and neither "penalty" nor "forfeiture" appear in the statutory text.[8] Yet Defendants ask this Court to insert the word "penalty," despite the Ohio General Assembly's choice to use the remedial term "damages." And Defendants base their request on other decisions where courts have incorrectly written in the word "penalty," superimposing the errant notion—already rejected by the Ohio Supreme Court—that exemplary damages are a penalty and then enabling this legal error to metastasize through more unreported decisions. But statutory-interpretation errors do not become correct through unreported repetition, and the best way to know how the Supreme Court of Ohio would interpret this Ohio statute is to ask by certifying the question.

## II. Defendants rely upon unreported cases with no precedential value.

Defendants' characterizations of the decisions they cite (including that Ohio courts "have consistently found" for a one-year period,[9] that "Ohio federal courts are in agreement that a one-year limitations period applies[,]"[10] and that "[e]xisting authority provides more than sufficient guidance"[11]) imply that substantial lower-court authority exists in favor of a one-year period. But that is not so. Instead, Defendants have cited *only* to *unreported* cases: *State ex rel. County of Cuyahoga v. Jones Lang Lasalle Great Lakes Co.* an unreported Ohio Eighth District case;[12] *Steinbrick v. Cleveland*

---

[7] *Id.* at ¶ 15, citing *Rice v. CertainTeed Corp.*, 84 Ohio St. 3d 417, 421, 704 N.E.2d 1217 (1999), quoting *Cosgrove v. Williamsburg of Cincinnati Mgt. Co., Inc.*, 70 Ohio St. 3d 281, 289, 638 N.E.2d 991 (1994) (Resnick, J., concurring), quoting *Floyd v. DuBois Soap Co.*, 139 Ohio St. 520, 523, 41 N.E.2d 393 (1942).
[8] Ohio Rev. Code § 2307.60(A)(1).
[9] Def. Ivey's Opp. 4, ECF No. 22.
[10] *Id.*
[11] County Defs.' Opp 1, ECF No. 24.
[12] *State ex rel. Cnty. of Cuyahoga v. Jones Lang Lasalle Great Lakes Co.*, 8th Dist. Cuyahoga No. 104157, 2017-Ohio-7727.

*Electric Illuminating Co.*, an unreported Ohio Eighth District case;[13] *Hirsi v. Davis Creek Auto Sales*, an unreported Ohio trial-court case;[14] *Sampson v. City of Cleveland*, an unreported Northern District case;[15] *Marquart v. Carlton*, an unreported Northern District case;[16] *Roarty-Nugent v. Cuyahoga County, et al.*, an unreported Northern District opinion;[17] *Glaze v. Cuyahoga County, et al.*, an unreported Northern District opinion;[18] and *Duffey v. Pope*, an unreported Southern District opinion.[19]

Contrary to Defendants' suggestion, Ms. Glass does not ask this Court to certify this question where a bevy of binding Ohio appellate-court decisions have already answered it. Instead, Defendants base their opposition on unreported cases from just *one* Ohio appellate court and one Ohio trial court from another county, along with unreported federal district-court cases (but not Sixth Circuit cases). Just as these unreported decisions do not bind this Court, they do not bind the Ohio Supreme Court on a matter of Ohio-law statutory interpretation.

**III.    Defendants' reasoning would lead to absurd results and deviate from the Ohio General Assembly's will as expressed through the text of its statutes.**

If this Court is inclined to consider Defendants' cited cases for persuasive authority—which it should not because those decisions contain little to no analysis, Ms. Glass submits that the flawed reasoning (or lack of reasoning) in these cases should only persuade the Court to certify. Defendants' oppositions did not respond to the substance of Ms. Glass's criticisms of these decisions, so the arguments made in the original motion stand unrebutted. For example, while Defendants stand upon the unreported Southern District case *Duffey v. Pope*,[20] they failed to explain

---

[13] *Steinbrick v. Cleveland Elec. Illuminating Co.*, 8th Dist. Cuyahoga No. 66035, 1994 WL 463817 at *2 (Aug. 25, 1994).
[14] *Hirsi v. Davis Creek Auto Sales*, Franklin C.P. No. 13-CV-7271, 2014 WL 12606678 at *5-*6 (Sep. 29, 2014).
[15] *Sampson v. City of Cleveland*, Case No. 1:20-CV-741, 2020 WL 4904847, *3 (N.D. Ohio Aug. 20, 2020).
[16] *Marquardt*, 2019 WL 1491966 at *2.
[17] *Roarty-Nugent v. Cuyahoga County, et al.*, Case No. 1:20-CV-01025, ECF No. 31, Oct. 28, 2020).
[18] *Glaze v. Cuyahoga County, et al.*, Case No. 1:19-CV-2969, 2020 WL 5500523 at *4 (N.D. Ohio Sep. 11, 2020).
[19] *Duffey v. Pope*, Case No. 2:11-CV-16, 2012 WL 4442753 at *11 (S.D. Ohio Sep. 25, 2012).
[20] *Id.*, citing *Duffey v. Pope*, Case No. 2:11-CV-16, 2012 WL 4442753 at *7 (S.D. Ohio Sep. 25, 2012).

why it should affect this Court's decision when it involved Ohio Rev. Code § 2307.*61*, a separate statute that permits recovery of *liquidated* damages, as opposed to "damages," for theft offenses and referred to § 2307.61 and § 2307.60 interchangeably before citing summarily to *Steinbrick* to find that § 2307.60 contemplated a penalty.[21]

Defendants have further failed to respond to Ms. Glass pointing out the absurdity that would result from a rule that an Ohio statute that makes exemplary damages conditionally available—without *requiring* exemplary damages—*ipso facto* "contemplates a penalty," mandating a one-year period. Such a rule would convert virtually all Ohio tort claims to a one-year statute of limitations because Ohio Rev. Code § 2315.21 enables plaintiffs to seek exemplary damages in any Ohio tort case[22] in which "[t]he actions or omissions of that defendant demonstrate malice or aggravated or egregious fraud, or that defendant as principal or master knowingly authorized, participated in, or ratified actions or omissions of an agent or servant that so demonstrate."[23] Again, Defendants don't even try to answer this, because there is no logical answer.

As Ms. Glass noted in her original motion, many Ohio tort claims, including products-liability claims, are subject to longer statutes of limitations, and the undersigned is unaware of any authority that would chop the limitations period to one year just because a plaintiff seeks exemplary damages. Defendants responded with none. Yet if the mere possibility of recovering exemplary damages transmutes any claim's statute of limitations to one year, the effect on Ohio law would be staggering—and contrary to all statutory authority to the contrary.

## Conclusion

The Court here could—in ruling on motions to dismiss—simply apply the Ohio Supreme

---

[21] *Duffey*, 2012 WL 4442753 at *11-13.
[22] The statute defines "tort action" as "a civil action for damages for injury or loss to person or property. 'Tort action' includes a product liability claim for damages for injury or loss to person or property that is subject to sections 2307.71 to 2307.80 of the Revised Code, but does not include a civil action for damages for breach of contract or another agreement between persons." Ohio Rev. Code § 2315.21(A)(1).
[23] Ohio Rev. Code § 2315.21(C)(1); *see also* Ohio Rev. Code § 2307.80.

Court's analytical framework for deciding if a statute is remedial or penal to reach the inexorable conclusion that Ohio Rev. Code. § 2307.60 is—as Ms. Glass explained in her opposition to the motions to dismiss and motion to certify—remedial, not penal. If this Court does so, it will then reach a decision that (while analytically comprehensive and correct) will conflict with incorrect unreported decisions, including those generated by other judges of this Court. This correct result will potentially cause even more confusion than the confusion caused by the smattering of the existing incorrect unreported decisions. That outcome underscores the wisdom of certification now—there should be one rule from the court in the best position to decide the statute-of-limitations issue.

Given the grave consequences of perpetuating an incorrect rule that any Ohio statute *conditionally permitting* exemplary damages must be subject to a one-year statute of limitations, Ms. Glass respectfully asks this Court to certify the following question to the Ohio Supreme Court: "What is the statute of limitations for Ohio Rev. Code § 2307.60 claims?" Under the Ohio Supreme Court's rule defining "controlling precedent," this question remains unanswered because the Ohio Supreme Court has not resolved it with controlling precedent. An answer from the court best equipped to interpret the will of the Ohio General Assembly and the meaning of its own prior decisions would serve the interests of efficiency and justice in this case, as well as the interests of Ohio litigants more broadly, by providing clarity and preventing absurd results.

And here is why such a decision is especially needed for this statute and now. Now that the Ohio Supreme Court in *Jacobson v. Kaforey*[24] and *Buddenberg v. Weisdack*[25] (both handled by the undersigned counsel) has unambiguously held: (1) that § 2307.60 creates an independent cause of

---

[24] *Jacobson v. Kaforey,* 149 Ohio St.3d 398, 2016-Ohio-8434, 75 N.E.3d 203.
[25] *Buddenberg v. Weisdack,* No. 2018-1209, 2020-Ohio-3832, 2020 WL 4341889 (Jul. 29, 2020).

action,[26] and (2) that cause of action does not have a criminal-conviction prerequisite[27] (notwithstanding lower court decisions to the contrary on both issues before federal courts certified these questions),[28] the Ohio Supreme Court should apply its own principles to establish the statute of limitations. Otherwise, this issue will come up again and again in this Court and others.

Dated: December 8, 2020          Respectfully submitted,

/s/ Jessica S. Savoie
Subodh Chandra (0069233)
Jessica S. Savoie (0099330)
Brian Bardwell (0098423)
THE CHANDRA LAW FIRM LLC
The Chandra Law Building
1265 West Sixth Street, Suite 400
Cleveland, Ohio 44113
216.578.1700 (p) / 216.578.1800 (f)
Subodh.Chandra@ChandraLaw.com
Jessica.Savoie@ChandraLaw.com
Brian.Bardwell@ChandraLaw.com

/s/ per consent
Ashlie Case Sletvold (0079477)
PEIFFER WOLF CARR KANE & CONWAY, APLC
1422 Euclid Avenue, Suite 1610
Cleveland, Ohio 44115
216.589.9280 (p) / 216.916.9220 (f)
ASletvold@peifferwolf.com

*Attorneys for Plaintiff Chantelle Glass*

---

[26] *Jacobson*, 2016-Ohio-8434 at ¶ 1.

[27] *Buddenberg*, 2020-Ohio-3832 at ¶¶ 5–14.

[28] *See, e.g.*, Defendants-Petitioners' Merit Brief in *Buddenberg v. Weisdack* 15, Case No. 2018-1209, Dec. 3, 2018, citing the following cases for the proposition that "[o]f the courts that have addressed the issue directly, the majority held that recovery under R.C. 2307.60 'depends on the existence of a criminal conviction'": *Ortiz v. Kazimer*, Case No. 1:11-CV-01521, 2015 WL 1400539, *12, *34–35 (N.D. Ohio Mar. 26, 2015), aff'd by *Ortiz v. Kazimer*, 811 F.3d 848 (6th Cir. 2016); *A.A. v. Otsego Loc. Schools Bd. Of Educ.*, Case No. 3:15-CV-1747, 2016 WL 7387261 at *24 (N.D. Ohio Dec. 21, 2016); *Tri-State Computer Exchange, Inc. v. Burt*, 1st Dist. Hamilton No. C-020345, 2003-Ohio-3197, ¶ 23; *Cook v. Criminger*, 9th Dist. Summit No. 22313, 2005-Ohio-1949, ¶ 15; *Hite v. Brown*, 100 Ohio App.3d 606, 611, n. 1, 654 N.E.2d 452 (8th Dist. 1995); *Ivancic v. Cleveland Elec. Illum. Co.*, 8th Dist. Cuyahoga No. 63372, 1993 WL 367092, *4 (Sep. 16, 1993).

*See also* Defendant-Appellant Akron Children's Hospital's Merit Brief in *Jacobson v. Kaforey*, 2016 WL 3091856 at *8–*9, citing, *inter alia*, the following cases to urge that "Ohio state and federal courts have consistently held that R.C. 2307.60…does not independently establish a civil cause of action for violations of all criminal statutes": *Duer v. Henderson*, 2d Dist. No. 2009 CA 15, 2009-Ohio-6815, ¶ 72; *Collins v. Nat'l City Bank*, 2d Dist. No. 19884, 2003-Ohio-6893, ¶ 46; *Shaw v. Bretz*, 3d Dist. No. 9-13-31, 2014-Ohio-3672, ¶ 41; *Applegate v. Weadock*, 3d Dist. No. 2-95-24, 1995 WL 705214, *8 (Nov. 30, 1995); *Simpkins v. Grace Brethren Church of Del.*, 16 N.E.3d 687, 2014-Ohio-3465, ¶ 98, (5th Dist.); *McNichols v. Rennicker*, 5th Dist. No. 2002 AP 04 0026, 2002-Ohio-7215, ¶ 17; *Peters v. Mabini*, 8th Dist. No. 73373, 1998 Ohio App. LEXIS 3728, *5 (Aug. 13, 1998); *Ortiz v. Kazimer*, Case No. 1:11-CV-1521, 2013 U.S. Dist. LEXIS 189517, *36–*37 (N.D. Ohio Jun. 5, 2013); *Taylor v. Mahoning County Children Services Bd.*, Case No. 4:11-CV-0028, 2012 WL 2886002, *5 (N.D. Ohio Jul. 13, 2012); *Jasar Recycling, Inc. v. Major Max Management Corp.*, Case No. 4:08-CV-2830, 2010 WL 395212, *5–*6 (N.D. Ohio Jan. 22, 2010).